NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted May 3, 2007[*]
Decided May 29, 2007

**Before**

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. MICHAEL  S. KANNE, *Circuit Judge*

Hon. DIANE P. WOOD, *Circuit Judge*

No. 05-4563

| | |
|---|---|
| ROBERT DIGGS, | Appeal from the United States |
| *Petitioner-Appellant,* | District Court for the Northern |
| | District of Illinois, Eastern Division |
| *v.* | |
| | No. 99 C 0931 |
| DON HULICK, | |
| *Respondent-Appellee.* | Joan B. Gottschall, |
| | *Judge.* |

## O R D E R

Illinois inmate Robert Diggs, who in 1990 was convicted of two counts of aggravated sexual assault and one count each of armed robbery and residential burglary, is serving two consecutive 30-year sentences for the assaults and concurrent 30-year and 15-year sentences for the other crimes. After unsuccessfully pursuing a direct appeal and state postconviction petition, he petitioned the district

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

court for a writ of habeas corpus under 28 U.S.C. § 2254. The district court denied relief but granted a certificate of appealability on three questions: (1) whether certain comments by the prosecutor during closing arguments at trial violated Diggs's Fifth Amendment right not to testify; (2) whether Diggs was denied the effective assistance of trial counsel because counsel failed to object during the closing argument; and (3) whether he was denied the effective assistance of counsel on appeal because appellate counsel failed to raise these issues. We affirm.

At Diggs's trial the jury learned the gruesome details of the sexual assaults. In 1989 Diggs hid in the hallway of a Chicago apartment building and attacked J.C., a 24-year-old woman, as she unlocked her door, smashing her head with a brick, and forcing his way into her apartment. For the next four hours, he repeatedly—and often at knife point—raped her and her roommate, N.K., also a 24-year-old women. He then bound the women's hands, directed the women into separate closets, and ransacked the apartment, taking money and N.K.'s ATM card. Once Diggs left, the women contacted the police. Within two weeks, Diggs was caught using the ATM card, arrested, and identified in a lineup by both of his victims.

The jury also heard testimony from a detective and an assistant state's attorney ("ASA") who together interrogated Diggs. During the interrogation, he confessed to raping the women. On cross-examination of both the detective and the ASA, defense counsel insinuated that the confession was not true—that Diggs had just told them what they wanted to hear because he had been handcuffed and locked in the interrogation room for eight hours. Diggs, however, did not testify on his own behalf.

During closing arguments, the prosecutor responded with several comments—at the heart of all three claims in this petition—that the testimony of the detective and the ASA as to what transpired in the interrogation room was "unrebutted" and "uncontradicted." Because defense counsel had intimated that Diggs gave his statement under duress, the prosecutor also noted that Diggs "had no complaint about any mistreatment." The jury convicted Diggs of all charges.

Diggs spent the next ten years in Illinois courts challenging his convictions to no avail. On direct appeal he argued principally that his due process rights were violated during voir dire. The Illinois Appellate Court affirmed his convictions and the Supreme Court of Illinois subsequently denied leave to appeal. Diggs then filed a *pro se* state postconviction petition, arguing for the first time (1) that the prosecutor's remarks about his confession during closing arguments violated his Fifth Amendment right not to testify; (2) that he was denied the effective assistance of counsel at trial when trial counsel failed to object to all but one of the prosecutor's comments; and (3) that he was denied the effective assistance of counsel on appeal

because appellate counsel failed to challenge the prosecutor's remarks.  The court concluded that because Diggs had raised neither his Fifth Amendment claim nor the alleged ineffectiveness of his trial counsel on direct appeal, both claims were waived.  The court nonetheless proceeded to evaluate and reject both the Fifth Amendment claim and the ineffective-assistance-of-appellate-counsel claim.  The Supreme Court of Illinois again denied leave to appeal.

Diggs then filed a *pro se* petition under 28 U.S.C. § 2254, renewing his Fifth Amendment claim and both ineffective-assistance claims.  The district court appointed counsel for Diggs, but the court ultimately denied the petition.

Our review is governed by the Antiterrorism and Effective Death Penalty Act.  Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Under that Act, we can grant relief only if the Illinois courts reached "a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  In other words, Diggs must establish not only that the Illinois courts were wrong, but that they applied Supreme Court precedent in an "objectively unreasonable manner," *Brown v. Payton*, 544 U.S. 133, 141 (2005), that fell "well outside the boundaries of permissible differences of opinion," *Hardaway v. Young*, 302 F.3d 757, 762 (7th Cir. 2002).  To make this assessment, we look to the decision of the last state court to rule on the merits of Diggs's claims: the opinion of the Illinois Appellate Court affirming the denial of postconviction relief.  *See Garth v. Davis,* 470 F.3d 702, 710 (7th Cir. 2006).

Diggs first argues that the prosecutor's references to the evidence about his confession as "unrebutted" and "uncontradicted" violated his Fifth Amendment right not to testify.  In support, Diggs cites several Seventh Circuit cases stating that prosecutors run afoul of the Fifth Amendment—and reversal can be required—if prosecutors *indirectly* (as well as directly) invite the jury to draw an adverse inference from the defendant's decision not to testify.  "A prosecutor's comments that the government's evidence is uncontradicted or unrebutted will violate this rule if the only person who could have rebutted the evidence was the defendant."  *United States v. Meitus,* 237 F.3d 866, 871 (7th Cir. 2001); *United States v. Snook,* 366 F.3d 439, 444 (7th Cir. 2004).  *Accord United States v. Mulder,* 273 F.3d 91, 109 (2d Cir. 2001); *United States v. Jefferson,* 258 F.3d 405, 414 (5th Cir. 2001).

We recognize that these cases would provide strong support for Diggs's argument if he were a federal prisoner making the argument on direct appeal.  But on collateral review of a state court judgment, we may not consider this *circuit's* precedent because only clearly established *Supreme Court* precedent matters.  *See* 28 U.S.C. § 2254(d)(1)*; Williams v. Taylor,* 529 U.S. 362, 381-82 (2000); *Young v.*

*Walls,* 311 F.3d 846, 851 (7th Cir. 2002);*Yancey v. Gilmore,* 113 F.3d 104, 106 (7th Cir. 1996) (declining on collateral review to consider circuit precedent that prosecutor's characterization of evidence as "unrebutted" was unconstitutional indirect commentary on defendant's decision not to testify). As we noted in *Yancey,* the Supreme Court has never endorsed this position. We explained that the one Supreme Court case arguably on point—*Griffin v. California,* 380 U.S. 609 (1965)—prohibited only "direct" prosecutorial references to the defendant's failure to testify; *Griffin* did not reach the issue of whether a prosecutor may comment on the evidence in such a way that indirectly refers to a defendant's silence. *Yancey,* 113 F.3d at 106-107. And in the time since we decided *Yancey*, the Supreme Court has itself explicitly construed *Griffin* to prohibit only those comments that directly equate a defendant's decision not to testify with his guilt. *See Portuando v. Agard,* 529 U.S. 61, 69 (2000); *United States. v. Robinson*, 485 U.S. 25, 32 (1988).

Therefore, we now reiterate our holding from *Yancey* that a state court neither contravenes nor unreasonably applies *Supreme Court* precedent if the state court condones a prosecutor "commenting upon the unrebutted and uncontradicted nature of testimony" in order to emphasize the strength of the state's case. *Yancey,* 113 F.3d at 107. As the Illinois Appellate Court here concluded, this is all the prosecutor did. She never once mentioned Diggs's decision not to testify. Rather, the prosecutor simply pointed out that no evidence had been tendered to support defense counsel's theory, which counsel continually pressed, that Diggs's confession had been coerced. *See Robinson,* 485 U.S. at 33 (stressing that a prosecutor's comments must be viewed in context of entire trial). Thus, confined by the stringent limitations of AEDPA, we must reject Diggs's argument.

Acknowledging *Yancey* in his reply brief, Diggs also contends that the prosecutor at least violated *Griffin* when she directly commented on his silence by stating that he did not complain about mistreatment during the interrogation. But Diggs misses the point: the prosecutor's reference to Diggs's failure to complain about mistreatment in no way related to Diggs's exercise of his Fifth Amendment right not to incriminate himself (he waived that right when he agreed to be interrogated). *See Griffin,* 380 U.S. at 615.

Diggs next argues that his trial counsel was ineffective because she failed to object to certain of the prosecutor's comments at closing. The state responds that this claim is procedurally defaulted because the Illinois Appellate Court resolved the claim on an "adequate and independent state ground," namely Diggs's waiver of the claim when he failed to assert it on direct appeal.

The state is correct. Where the last state court to issue an opinion on a petitioner's federal claim has disposed of that claim on an adequate and independent state ground, federal habeas review of that claim is precluded. *See Coleman v. Thompson,* 501 U.S. 722, 729-30 (1991); *Miranda v. Leibach,* 394 F.3d

984, 991-92 (7th Cir. 2005). Here the state court determined that Diggs's ineffective-assistance of trial counsel claim was waived because he did not raise it on direct appeal. Because the state appellate court relied upon waiver as the sole basis for its decision, it resolved the claim on an adequate and independent state ground, thereby foreclosing federal habeas review. *See Harris v. Reed,* 489 U.S. 255, 261-62 (1989); *Hampton v. Leibach,* 347 F.3d 219, 242-43 (2003).

Diggs contends that we should review his ineffective-assistance claim anyway because he would otherwise be prejudiced and, in his view, appellate counsel's failure to raise the claim was ineffective assistance that constituted good "cause" for his default. *See Wainwright v. Sykes,* 433 U.S. 72, 87-88 (1977); *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000).

Under *Strickland v. Washington,* 466 U.S. 668 (1984), a petitioner must show that he was prejudiced by counsel's ineffective assistance—in other words, "but for" counsel's errors there is a reasonable probability that the result of the trial would have been different. *Strickland,* 466 U.S. at 694. Diggs cannot make this showing, however, because Illinois law unequivocally permits prosecutors to emphasize the strength of the state's case by noting that evidence is unrebutted or uncontradicted. *See People v. Keene,* 660 N.E.2d 901, 911 (Ill. 1995); *People v. Bryant,* 447 N.E.2d 301, 306 (Ill. 1983).

Diggs lastly reiterates that appellate counsel erred by not making an argument based on the Fifth Amendment. As the Illinois Appellate Court noted, this claim must necessarily fail for the same reason his claim regarding trial counsel fails—Illinois law, which is not contrary to Supreme Court precedent, sanctions the sort of comments made by the prosecutor here.

Accordingly, we AFFIRM the judgment denying Diggs's petition for a writ of habeas corpus.